SAMUEL HENIGSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21950.    Promulgated August 12, 1931.

*G. T. Weitzel, Esq.*, for the petitioner.
*B. U. Steele, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Revenue Act of 1924 was approved on June 2, 1924. On that date the statutory period for determination, assessment and collection of the tax in controversy, as provided in the Revenue Acts of 1918 and 1921, had not expired. On April 8, 1925, while the 1924 Act was in effect, this tax was assessed against the taxpayer. The assessment was not preceded by any notice of a final determination of the tax and we assume, for the sake of its validity (*American Locker Co.*, 21 B. T. A. 408), that it was a jeopardy assessment under section 274 (d) of the Revenue Act of 1924. See also section 280 of the same act. It was made within the statutory period pro-

vided in section 277 (2) of the Revenue Act of 1924. The limitation provisions of the earlier acts had been repealed.

Section 274 (d) of the Revenue Act of 1924 provides in part as follows:

If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, such deficiency shall be assessed immediately and notice and demand shall be made by the collector for the payment thereof. *In such case the assessment may be made (1) without giving the notice provided in subdivision (a) of this section * * *. If the taxpayer does not file a claim in abatement as provided in section 279 the deficiency so assessed * * * shall be paid upon notice and demand from the collector.* (Italics ours.)

The method of procedure provided in subdivision (d) is an express exception from that required in subdivision (a) of section 274. The exception is mentioned in both subdivisions. If, as here, an assessment had been made under subdivision (d), the taxpayer could have contested the tax by a claim in abatement accompanied by a bond, under section 279 of the Revenue Act of 1924. If a claim had been filed, the Commissioner would have been required to act on it and notify the taxpayer of his decision as provided in section 279 (b), and the taxpayer could have proceeded before this Board. But no claim in abatement was filed, so section 279 has no application and the deficiency became due and payable upon notice and demand from the collector, as provided in section 274 (d). No deficiency notice or further action on the part of the Commissioner was necessary in order to fix the amount of the deficiency. The amount assessed was the deficiency. Section 279 (b) of the Revenue Act of 1926 is quite different in this respect, but it has no application in this case.

As the assessment was timely and properly made after the enactment of the Revenue Act of 1924, section 278 (d) of that Act applied and allowed six years after assessment for collection. When the Revenue Act of 1926 was approved on February 26, 1926, the Commissioner still had plenty of time to collect this tax. But apparently he could not collect it from the taxpayer. (Although we do not know it to be a fact, nevertheless, both parties speak of the dissolution of the corporation on October 31, 1920. See in this connection section 280 (c) of the Revenue Act of 1926.) However this may be, the notice to the petitioner under section 280 of the Revenue Act of 1926 was timely for assessment could still be made within the time allowed in subdivision (b) (2) of that section.

*The case will be set for further hearing.*